**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RAMON AKANBI BELLO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1542-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin [Doc. No. 12] recommending that the Petition be granted in part and Respondents directed to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). Respondents filed an Objection [Doc. No. 13] and Petitioner filed an Objection [Doc. No. 14], which requires de novo review of those portions of the Report to which a specific objection is made.

Respondents concede that the issue of whether Petitioner's detention is governed by § 1225 or § 1226 is controlled by the Tenth Circuit's decision *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). They object only to preserve appellate review of their position, and their objection is therefore overruled.

Petitioner's objections are also overruled. First, Petitioner contends he should be immediately released because ICE failed to issue an arrest warrant before he was re-detained. But Petitioner waived this argument by failing to adequately present it to the

Magistrate Judge. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In any event, this Court has previously concluded that a habeas petitioner's "warrantless arrest does not merit his immediate release." *Perdigon v. Gantt.*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026).

Next, Petitioner argues more generally that a bond hearing is an inadequate remedy where, as alleged here, ICE violated its own regulations and due process by failing to provide any sort of pre-deprivation notice. But again, the Court is not persuaded that any alleged regulatory violations or the failure to provide pre-deprivation notice warrants immediate release. Generally, when "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Santillan Quiroz*, 180 F.4th at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."). A bond hearing will afford Petitioner the process he is due and is the appropriate remedy.

Last, Petitioner argues that, in the event a bond hearing is ordered, the government should bear the burden of proof. Although courts are admittedly not in agreement on this issue, this Court has previously concluded that that Due Process Clause of the Fifth Amendment is not offended by placing the burden of proof on the noncitizen at a bond hearing. *See Ochilov v. Grant,* No. CIV-26-526-R (W.D. Okla. August 25, 2026).

Petitioner presents no persuasive argument or authority that would cause this Court to revisit that conclusion.

Accordingly, the Report and Recommendation [Doc. No. 10] is ADOPTED and, for the reasons stated therein, the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with a bond hearing before a neutral Immigration Judge within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 10th day of September, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE